IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MARMON,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF DEL NORTE et al.,<br><br>    Defendants.                   / | No. C 07-01611 CRB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed this pro se action challenging defendants' access to his criminal history. Now pending before the Court is defendants' motion to dismiss. After carefully considering the papers filed by the parties, and having given the parties the opportunity for oral argument, the motion to dismiss is GRANTED.

**ALLEGATIONS OF THE COMPLAINT**

Defendant County of Del Norte hired plaintiff as a social worker on May 9, 2003. Prior to plaintiff's hiring, plaintiff completed an application. On the application, plaintiff answered "yes" to the question: "have you as an adult, ever been convicted, fined (excluding a minor traffic offence), placed on probation, or given a suspended sentence in any court?" At no time during plaintiff's pre-employment interview was he asked to comment on his answer, nor was plaintiff informed that he would, at any time, be subjected to a criminal background check.

Plaintiff's supervisor was defendant Al Raddi. On or about March 1, 2006, plaintiff contacted Raddi's immediate supervisor, Dorothy Provencio, and complained about Raddi's demeaning and belittling behavior towards plaintiff. Plaintiff also informed Provencio that he believed that he was being singled out by Raddi because months earlier he had given testimony to county attorneys concerning Raddi. The testimony concerned sexual harassment and violations of the Americans with Disabilities Act against another employee.

On or about March 13, 2006, Raddi directed plaintiff and 14 other employees to submit to a background clearance check pursuant to California Welfare and Institutions Code section 16501. During the period between March 15-24, 2006, plaintiff complained to his supervisor that section 16501 did not grant defendants the authority to access an employee's private and protected records without first seeking authority pursuant to California Penal Code section 11105. Raddi and other managers disagreed. On March 24, 2006, plaintiff submitted to a background check.

After the background check was conducted, plaintiff called the California Department of Justice and shared his concerns. The California Department of Justice informed plaintiff that he was correct and that the County of Del Norte had authorized his criminal records under California Welfare and Institutions Code section 1522 and not the required California Penal Code section 11105.

On or about March 29, 2006, plaintiff met with his former supervisor Richard Heuser. Heuser told plaintiff that Raddi was specifically targeting plaintiff. On June 5, 2006, plaintiff received his annual performance evaluation from his then-current supervisor Julie Cain. The evaluation criticized plaintiff for making false reports about Raddi. Cain told plaintiff that she had written the evaluation under the direction of Raddi.

On February 1, 2007, plaintiff resigned after being criticized and ridiculed by management and co-workers.

## PROCEDURAL HISTORY

Plaintiff subsequently brought this action for violation of 42 U.S.C. sections 1985(3), 1983, 1986, and four state law claims: (1) invasion of privacy, (2) theft of records, (3)

2

defamation of character, and (4) negligence. Plaintiff does not make a Title VII or FEHA claim.

Defendants move pursuant to Rule 12(b)(6) to dismiss the federal claims without leave to amend for failure to state a claim upon which relief can be granted, and have asked the Court to decline to exercise jurisdiction over the four remaining state law claims.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests only the sufficiency of the complaint, not the merits of the underlying claim. The court must take "all well pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff." Ileto v. Glock, 349 F.3d 1191, 1200 (9th Cir. 2003) (quoting Desaigoudar v. Meyercord, 223 F.3d 1020, 1021(9th Cir. 2000)).

## DISCUSSION

**A. Violation of 42 U.S.C. Section 1985**

To state a valid claim under section 1985(3), the plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving . . . any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Brothers of Carpenters and Joiners of America, Local 610, ALF-CIO v. Scott, 463 U.S. 825, 828-829 (1983).

Defendants contend that "plaintiff's complaint fails to allege that he is a member of any class subject to a conspiracy, or that he is a member of a class of persons that congress has determined warrants special civil rights protection." [Def.'s Mot. Dismiss at 13].

42 U.S.C. section 1985(3), originally "the Ku Klux Klan Act of 1871, was enacted by the Reconstruction Congress to protect individuals, primarily blacks, from conspiracies to deprive them of their legally protected rights." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The section is usually limited to race-based discrimination; however, some courts have broadened the scope to include other class-based discrimination as well. The Ninth Circuit has held that section 1985(3) is extended "beyond race, only when the

class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Orin v. Barclay, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001) (quoting Sever v. Alaska Pulp Corp., 978 F.2d at 1536); see also Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) ("Congress [must have] indicated through legislation that the class require[s] special protection."); Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1340 (9th Cir. 1987) (noting that racial or other class-based animus is a requirement for a cause of action under §1985(3)). Therefore, for plaintiff to allege a valid claim under section 1985(3), plaintiff must allege to be a member of a class that Congress has determined warrants special protection.

Plaintiff alleges that defendants ordered that an extensive background check be performed on plaintiff because he had previously participated in the investigation of defendant Raddi. Plaintiff contends that because he was a victim of a retaliatory tactic, he is a member of a class under California's Whistle Blower Protection Act.

While the Ninth Circuit has not ruled on the issue, other circuits have declined to accept whistle blowers as a class protected under the U.S. Constitution. See Childree v. UAP/GA CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996); Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir. 1992); Garrie v. James L. Gray, Inc., 912 F.2d 808, 813 (5th Cir. 1990); Deretich v. Office of Administrative Hearings, 798 F.2d 1147, 1153 (8th Cir. 1986); Buschi v. Kirven, 775 F.2d 1240, 1258 (4th Cir. 1985).

There is only one district court of which this Court is aware that has extended section 1985(3) to whistle blowers. See Lapin v. Taylor, 475 F.Supp. 446, 450-51 (D. Haw. 1979). The Lapin court acknowledged that whistle blowers are a protected class under section 1985(3) only when employed by the federal government at the time of the whistle blowing. Id. at 449. That case is distinguishable in that the plaintiff here is not, and was not, employed by the federal government.

Assuming everything plaintiff has alleged in his complaint is true, there is nothing in plaintiff's complaint that demonstrates a violation of section 1985(3). Plaintiff has failed to

4

1  allege, and cannot allege, to be a member of a protected class.  Therefore, the Court grants
2  the defendant's motion to dismiss plaintiff's section 1985(3) claim.

### B. Violation of 42 U.S.C. Section 1983

To state a valid claim under section 1983 the plaintiff must allege: "(1) that some person has deprived him of a federal right; (2) the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Defendants move to dismiss this claim on the ground that plaintiff has failed to allege that he was deprived of a federal or constitutional right because the right against invasion of privacy does not extend to arrest records.

The United States Supreme Court has held that the constitutional right to privacy protects individuals from government intrusion of intimate and personal information. See Whalen v. Roe, 429 U.S. 589, 607 (1977).  It does not, however, extend to arrest records.

In Paul v. Davis, the plaintiff, Davis, filed a section 1983 claim against the Chief of Police for distributing his arrest records to local stores in his town, alleging a violation of his constitutional right to privacy.  The Supreme Court ruled that Davis failed to state a claim for relief: "While there is no right of privacy found in any specific guarantee of the Constitution, the Court has recognized that zones of privacy may be created by more specific constitutional guarantees and thereby impose limits upon government power.  The activities detailed as being within this definition [relate to] marriage, procreation, contraception, family relations, child rearing and education . . . none of our substantive privacy decisions hold [arrest records are within the zone of privacy] and we decline to enlarge them in this manner." Paul v. Davis, 424 U.S. 693, 712-713 (1976); see also Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) ("There is no violation of the United States Constitution in this case because there is no constitutional right to privacy in one's criminal record."); Nilson v. Layton City and Rex Brimhall, 45 F.3d 369, 372 (10th Cir. 1995) (noting that information readily available to the public is not protected by the constitutional right to privacy; consequently, arrest records do not implicate the right to privacy).

5

Plaintiff contends that his section 1983 claim is valid because he has an expectation of privacy in his personal records. "In order to assert a claim under §1983, the plaintiff must present a legitimate expectation of privacy." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986). However, the plaintiff fails to understand that previous cases have held that one does not, and cannot, have an expectation of privacy of a criminal history, primarily because arrest records are public information. See Paul v. Davis, 424 U.S. 693.

Plaintiff also relies on Dept. Of Justice v. Reporter's Committee for Freedom of Press. In that case, a reporter sought disclosure of a "rap sheet" on a particular individual under the Freedom of Information Act (FOIA). The Court denied the reporter the "rap sheet" noting that the information was private and was protected by Exemption 6 and 7(C) of the FOIA. Dept. Of Justice v. Reporter's Committee for Freedom of the Press, 489 U.S. 749, 758 (1989). The Court in a footnote, however, noted that "the question of the statutory meaning of privacy under the FOIA is, . . . not the same as the question . . . [of] whether an individual's interest in privacy is protected by the Constitution." 489 U.S. at 762 n.13. Reporter's Committee therefore did not overrule Paul's holding that there is no constitutional right to privacy in arrest records. Accordingly, the section 1983 claim fails as a matter of law.

**C.  Violation of 42 U.S.C. Section 1986**

The "[Ninth] Circuit has recently adopted the broadly accepted principle that a cause of action is not presented under section 1986 absent a valid claim for relief under section 1985." Trerice v. Pederson, 769 F.2d 1398, 1403 (9th Cir. 1985). As discussed above, plaintiff's section 1985 claim must be dismissed for failure to state a claim; therefore, the section 1986 claim fails as well.

**D. State Law Claims**

Plaintiff brings a myriad of state law claims, including invasion of privacy, theft of records, defamation of character and negligence. United States Code Title 28 section 1367(a) confers federal jurisdiction over state claims in any civil action of which the district

6

courts have original jurisdiction.  The Court may in its discretion decline to exercise supplemental jurisdiction under section 1367(c) if "the district court has dismissed all claims over which it has original jurisdiction."  As all the federal claims fail as a matter of law, the Court declines to exercise jurisdiction over the four remaining state law claims, and also dismisses plaintiff's permanent injunction claim as there is no valid federal law claim.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's sections 1985(3), 1983, 1986 claims is GRANTED without leave to amend.  Plaintiff has filed a detailed complaint as well as a detailed opposition.  Assuming his allegations are true, his claims fail as a legal matter, and granting leave to amend would be futile.  Defendants' motion to dismiss the remaining state law claims is GRANTED without prejudice.

**IT IS SO ORDERED.**

Dated: June 20, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE